[No. 23759.   Department One.   August 23, 1932.]

LESLIE T. NEHRBASS *et al., Appellants,* v. RUSSELL J. BULLAN *et al., Respondents.*[1]

*LaBerge, Cheney & Hutcheson,* for appellants.

*D. V. Morthland,* for respondents.

STEINERT, J.—In this case, three separate parties plaintiff brought their actions against the defendants under one complaint. Issues were joined, and upon a trial before the court with a jury, a verdict was rendered for the defendants. A motion for a new trial having been denied, judgment of dismissal was entered. The plaintiffs have appealed.

The only facts necessary to be stated for an understanding of this case are these: Walnut street, which runs east and west in the city of Yakima, intersects south First street, which runs north and south. Appellant Pearl Nehrbass was driving an automobile west along Walnut street towards south First street. Accompanying her as her guest was the appellant

[1]Reported in 13 P. (2d) 482.

Myrtle Meiras. Simultaneously, appellant George Purdin was driving an automobile east along Walnut street toward south First street. At the same time, one William Johnson, an employee of respondents, was driving a truck north along south First street towards Walnut street.

In an endeavor to avoid striking the truck after it had entered the intersection, Purdin swerved his automobile sharply to the left ahead of the truck. At the same time, Mrs. Nehrbass, in order to avoid being struck by the truck, accelerated her speed and passed ahead and in front of it. Both automobiles succeeded in avoiding collision with the truck, but in so doing collided with each other within the intersection, causing the injuries and damages for which these consolidated actions were brought.

The only charge of negligence made against the respondents is that the driver of their truck failed to stop, or to heed a stop-sign located on the surface of south First street, before entering the intersection. The evidence on this issue of fact was in direct conflict.

Error is predicated solely upon the giving of three instructions. Two of these instructions had reference to the rate of speed permissible to a driver when his view of the intersection is obstructed. The third instruction had reference to the right of way at intersections. All three of the instructions bore upon the contributory negligence of the drivers of the colliding automobiles operated by two of the appellants. The court further instructed the jury that, so far as Miss Meiras was concerned, the defendants (respondents) would be liable if the driver of their truck was guilty of any negligence that substantially contributed to her injuries, irrespective of any negligence on the part of

either of the other two drivers. As already stated, the jury found for the respondents.

The only theory on which the jury could have found for the respondents as against Miss Meiras was that the truck driver was not guilty of any negligence as to her. If the truck driver was not guilty of any negligence as to Miss Meiras, a guest, then he was not guilty of any negligence at all, under the issues of this case. Since the only charge of negligence was the alleged failure of the truck driver to stop, the jury's verdict was equivalent to a finding that he did stop. If the charge of negligence is refuted by the jury's verdict, then the question of contributory negligence becomes immaterial, and the instructions thereon inconsequential. Under such circumstances, the question whether the instructions were erroneous or not is of no moment.

The judgment is affirmed.

TOLMAN, C. J., MITCHELL, PARKER, and HERMAN, JJ., concur.